ROBERT F. ASH, PLAINTIFF, v. PETER COHN, AND A. LEON KOHLREITER, INDIVIDUALLY AND/OR AS PART-NERS DOING BUSINESS AS COHN & KOHLREITER, EDWARD BROWN AND TOM MORRIS, TRADING AS B. & M. GARAGE, GOODMAN SINGER AND GEORGE A. RYAN, DEFENDANTS.

Submitted October 4, 1938—Decided December 23, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the plaintiff, *Joseph T. Lieblich.*

For the defendant Peter Cohn, *Mendelsohn & Mendelsohn.*

The opinion of the court was delivered by

PERSKIE, J. Case No. 436 comes to us on rule to show cause. On application for plaintiff, Mr. Justice Porter, on August 12th, 1938, ordered that defendant Peter Cohn show cause why the orders made by Hon. Joseph G. Wolber on February 25th, 1938, and August 5th, 1938, should not be vacated and set aside; and why Cohn has failed to comply with an order made in this cause by Mr. Justice Heher on October 19th, 1937, and why he should not file an answer so that the cause might be tried *de novo,* &c.

Case No. 442 comes to us on the application for defendant Peter Cohn for an order to dismiss the rule to show cause obtained from Mr. Justice Porter in case No. 436.

The grounds upon which we are asked to grant the application are basically two in number. First: The orders sought to be reviewed are, *inter alia,* interlocutory, and therefore, can be reviewed only on appeal and then only after final judgment. Second: Even if the challenged orders had not been improvidently made, the rule to show cause should be dismissed because plaintiff has completely failed to comply with our rules (154, 155, (a), (b) and (c)) concerning the submission of causes for our determination.

We find it unnecessary to consider and determine the first stated ground because we are entirely satisfied that the cause (No. 436) is not properly before us. It is conceded for the plaintiff that the incomplete typewritten state of case submitted, consisting of one hundred and twenty pages of thin carbon copies, does not comply with the above numbered rules and that no attempt was even made to comply with them. It would indeed be most unfortunate if judges were obliged, whenever litigants so chose, to decipher a record, in the form submitted, in order to ascertain the issues involved and requiring decision. Our rules are based upon experience. They have for their purpose the facilitation of business and the advancement of justice. They should be obeyed.

But we are told that the rules invoked were not complied with because they apply only to a cause which comes to us on appeal and not to a cause which comes to us, as here, on a rule to show cause. This is not so. They apply to *any cause* which is submitted for our consideration unless they are "relaxed or dispensed with where it shall be manifest to the court that a strict adherence to them will work surprise or injustice." Supreme Court rule No. 218. It is for the court, however, and not for the litigant or his counsel to determine whether these rules should be relaxed or dispensed with in the interest of facilitating business and advancing justice. It will not do for a litigant merely to file an affidavit with the state of case of his choosing stating that he is presently unable to raise the moneys necessary properly to submit his cause and then proceed without regard to our rules. Especially is this so when, as here, the record would tend to indi-

cate that the litigant, notwithstanding the statement that he was unable presently to raise the necessary cash properly to present his case, did have ample financial ability to proceed by complying with the rules and that his effort to proceed otherwise is wholly unwarranted. But be that as it may, plaintiff was required first to obtain leave of the court for the relaxation and dispensation of the applicable rules. Having failed to do so, the record as submitted is not properly before us.

The application in No. 442 is granted and accordingly the rule to show cause in No. 436 is dismissed, with costs.